## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Christopher Green, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br><br><br><br><br>          -v.-<br>Lake City Credit, LLC,<br><br>                                    Defendant(s). | Civil Action No: 4:21-cv-2341<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher Green (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Lake City Credit, LLC (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Fort Bend.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address for service of process at Legalinc Corporate Services Inc., 10601 Clarence Dr. Ste. 250, Frisco, TX 75033.

9.      Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

 a.   all individual consumers in Texas;

 b.   to whom Defendant sent a collection letter attempting to collect a consumer debt;

 c.   on a balance that was increasing due to interest;

 d.   whereby the collection letter failed to state that interest was increasing;

 e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § l692(e) and §1692(f) et seq.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692(e) and §1692(f) et seq.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to February 17, 2021, on a date better known to Defendant, an obligation was allegedly incurred to the original creditor, Okinus.

21.     Upon information and belief, Okinus transferred the defaulted debt to the Defendant for the purpose of debt collection. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

22.     Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

### *Violation – February 17, 2021 Collection Letter*

25.     On or about February 17, 2021, Defendant sent the Plaintiff a collection letter regarding the alleged debt originally owed to Okinus. (See February 17, 2021 Letter at Exhibit A.)

26.     On the left side of the page, underneath the title, "ACCOUNT SUMMARY", Defendant states:

AMOUNT:     $2,458.15
INTEREST:   $2,616.65
TOTAL:      $5,074.80

27.     In the body of the letter, Defendant fails to disclose that interest will continue to accrue on the debt.

28.     Subsequently, on June 10, 2021, Plaintiff received another collection letter from the Defendant regarding the subject debt. (See June 10, 2021 Letter at Exhibit B.)

29.     This time, in the June 10, 2021 letter, on the left side of the page, underneath the title called "ACCOUNT SUMMARY," Defendant states:

AMOUNT:     $2,458.15
INTEREST:   $2,770.12
TOTAL:      $5,228.27

30.     From February 17, 2021 until June 10, 2021, the subject debt accrued $153.47 in interest.

31.     The least sophisticated consumer, and the Plaintiff included, would not understand from the February 17, 2021 letter that interest was expected to continue to accrue on this debt.

32.     Under the FDCPA, Defendant was required to disclose that the current balance of the debt at the time of a collection letter may increase due to interest and fees.

33.     However, Defendant failed to discharge its obligation to the consumer by failing to disclose the accrual of interest and fees.

34.     The Plaintiff was misled as to the nature of the account balance on the February 17, 2021 collection letter.

35.     In result, the Plaintiff incurred an informational injury as Defendant failed to disclose that interest would continue to accrue on the debt.

36.     Plaintiff incurred an actual, concrete, and particularized harm in direct result of Defendant's invasions of Plaintiff's FDCPA and TDCPA secured interests in freedom from collection practices that are abusive as defined by those statutes.

37.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

38.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.     Defendant violated §1692e:

    a.     As the letter falsely represents the true character, amount, and/or legal status of the debt in violation of §1692e(2)(A); and

    b.     By making a false and deceptive representation in violation of §1692e(10).

42.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f et seq.

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45.     Pursuant to 15 U.S.C. §1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

46.     Defendant violated §1692f(1):

(a)     As the February 17, 2021 letter failed to disclose the accrual of interest and fees.

47.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## TEXAS FAIR DEBT COLLECTION PRACTICES ACT (TDCPA)

48.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the TDCPA, including but not limited to Tex. Fin. Code § 392.304.

50.     Pursuant to Tex. Fin. Code § 392.304, a debt collector may not use a fraudulent, deceptive, or misleading representation, including misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; § 392.304(8)

51.     Defendant violated § 392.304(8) by failing to disclose that interest would accrue on the debt, thereby misrepresenting the character, extent, and/or amount of the consumer debt.

52.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section § 392.304(8) of the TDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff Christopher Green, individually and on behalf of all others similarly situated, demands judgment from Defendant Lake City Credit, LLC as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: July 20, 2021                                        Respectfully Submitted,

                                                           **STEIN SAKS, PLLC**

                                                            __/s/ Yaakov Saks__
                                                           Yaakov Saks, Esq.
                                                           **PRO HAC VICE pending**
                                                           One University Plaza, Ste. 620
                                                           Hackensack, NJ 07601
                                                           Ph:  201-282-6500 ext. 101
                                                           Fax: 201-282-6501
                                                           ysaks@steinsakslegal.com
                                                           *Counsel for Plaintiff*